UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHIMON SEROR,

                Plaintiff,

-v-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                Defendant.

Civil Action No.:

**COMPLAINT**

Plaintiff SHIMON SEROR (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action on behalf of himself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a resident of the State of New Jersey.

7. Plaintiff is a "consumer" as defined under the FDCPA, 15 USC § 1692a(3).

8. Defendant is a collection agency located at located in Norfolk, Virginia.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Defendant, on behalf of a third party, or on behalf of itself as purchaser of the Debt, began collection efforts to collect an alleged consumer Debt.

13. On or about July 10, 2015, the Defendant forwarded a collection letter to the Plaintiff seeking to collect a consumer debt from the Plaintiff.

14. In order to begin paying down the debt that was allegedly due and owing, the Plaintiff forwarded a post-dated check dated July 31, 2015 in the amount of $50.00 to the Defendant.

15. The Defendant cashed the Plaintiff's check on July 15, 2015.

16. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violations of the Federal Debt Collections Practice Act

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692f of the FDCPA.

19. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. More specifically, the Defendant violated 15 USC §1692f(2), which prohibits the acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than, nor less than, three business days prior to such deposit.

21. In addition, as specifically stated in 15 USC §1692f(4), the Defendant violated said section by depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

22. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

23. A declaration that the Defendant's practices violated the FDCPA;

24. For actual and statutory damages provided and pursuant to:

- 15 U.S.C. § 1692k(a)(1);

- 15 U.S.C. § 1692(2)(A);

25. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692(a)(3);

26. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: August 27, 2015         **MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
Ari H. Marcus, Esq.
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (845)367-7146
Fax: 732-298-6256
Email: yzelman@MarcusZelman.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                      */s/ Yitzchak Zelman*
                                      Yitzchak Zelman, Esq.

Dated:  August 27, 2015

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 27, 2015

                                      */s/ Yitzchak Zelman*
                                      Yitzchak Zelman, Esq.